

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–14–21

|  |  |  |
|---|---|---|
| BRITNEY WYATT | APPELLANT | Opinion Delivered May 28, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTEENTH DIVISION [NO. DR–2008–2258] |
| V. |  |  |
| BRANDON DENT | APPELLEE | HONORABLE VANN SMITH, JUDGE<br><br>AFFIRMED |

## RHONDA K. WOOD, Judge

Britney Wyatt appeals the decision of the circuit court denying her motion to change custody, granting appellee Brandon Dent's motion to relocate, and modifying her visitation with the parties' minor child. Wyatt asserts that the court erred in not finding a material change of circumstance existed warranting a change of custody. She also asserts that the court erred in not making a complete best-interest finding by fully considering all of the *Hollandsworth* factors in the decision to allow Dent to relocate the parties' minor child out of state. We find no error and affirm.

Dent, the custodial parent, filed a motion to modify visitation as well as an amended motion seeking leave of the court to relocate with the parties' minor child as a result of his new wife obtaining employment out of state. Wyatt filed a competing motion to change custody. Following a hearing, the circuit court ruled in favor of Dent.



Wyatt contends the court erred in denying her motion to change custody. We review child-custody cases de novo, and we will not reverse a circuit court's findings unless they are clearly erroneous. *Taylor v. Taylor*, 353 Ark. 69, 110 S.W.3d 731 (2003). Because the question of whether the court's findings are clearly erroneous turns largely on the credibility of the witnesses, we give special deference to the superior position of the circuit court to evaluate the witnesses, their testimony, and the child's best interest. *Sharp v. Keeler*, 99 Ark. App. 42, 256 S.W.3d 528 (2007).

We have repeatedly held that the party seeking modification must first demonstrate that a material change in circumstances affecting the best interest of the child has occurred. *Byrd v. Vanderpool*, 104 Ark. App. 239, 290 S.W.3d 610 (2009). Wyatt, by her own admission, has experienced a tumultuous life and has struggled with providing a stable environment for the parties' minor child. At the hearing, she cited recent improvements in her situation that she felt warranted a change of custody back to her. She moved back to Arkansas to be closer to her son, she was active in his education and activities, and she was in more stable relationships with both a romantic partner and her mother.

Her argument on appeal is that these changes in her life coupled with Dent's relocation amount to a material change in circumstances warranting a change of custody. We do not agree and affirm the circuit court. Our supreme court has been clear that relocation is not a change in circumstances warranting a change in child custody nor are circumstances created by the party seeking the modification. *See Hollandsworth v. Knyzewski*, 353 Ark. 470, 109 S.W.3d 653 (2003); *Brown v. Brown*, 2012 Ark. 89, 387 S.W.3d 159.

2

SLIP OPINION

Next, Wyatt contends that Dent failed to demonstrate, and the circuit court failed to appropriately find, that it was in the best interest of the child for Dent to relocate to Virginia. Our supreme court has set forth a presumption in favor of relocation for a custodial parent with primary custody, and the noncustodial parent bears the burden of rebutting this presumption. *Hollandsworth v. Knyzewski*, *supra*. In *Hollandsworth*, the court explained:

> The polestar in making a relocation determination is the best interest of the child, and the court should take into consideration the following matters: (1) the reason for the relocation; (2) the educational, health, and leisure opportunities available in the location in which the custodial parent and children will relocate; (3) visitation and communication schedule for the noncustodial parent; (4) the effect of the move on the extended family relationships in the location in which the custodial parent and children will relocate, as well as Arkansas; and, (5) preference of the child, including the age, maturity, and the reasons given by the child as to his or her preference.

*Id*. at 485, 109 S.W.3d at 663–64.

On appeal, Wyatt incorrectly attempts to shift the burden to Dent to prove that it is in the child's best interest to relocate. She also claims that the circuit court erred by not analyzing each factor set forth in *Hollandsworth*. However, the circuit court stated in its order that it considered the best interest of the parties' minor child and the factors set forth in *Hollandsworth*, and that based on this, Wyatt failed to rebut the presumption in favor of relocation. If Wyatt desired an explanation of how the court analyzed each factor, she should have requested the court to make specific findings of fact. The court applied the appropriate best-interest standard, considered the factors, and made findings that, based on the record, were not clearly erroneous. We affirm.

Affirmed.

3

 

PITTMAN and HIXSON, JJ., agree.

*Mark Alan Jesse*, for appellant.

*Ballard & Ballard, P.A.*, by: *Andrew D. Ballard*, for appellee.